FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-CR-00072-RMP-1 |
| Plaintiff, | ORDER FOLLOWING DETENTION REVIEW HEARING |
| v. | |
| JODY LEE WALLETTE, | **MOTION DENIED**<br>**(ECF No. 23)** |
| Defendant. | |

At Defendant's August 23, 2021, detention review hearing, Defendant appeared while in custody with Attorney Sandy Baggett. Assistant U.S. Attorney Earl Hicks represented the United States. U.S. Probation Officer Patrick Dennis was also present.

Both sides presented argument.

The Court has reviewed Defendant's motion for release to inpatient treatment, **ECF No. 23**, the Pretrial Services Report **ECF No. 10**, and the argument of counsel.

As a threshold matter, Defendant must proffer information not previously known to Defendant or his counsel, amounting to a material change in the circumstances considered by the Court in its prior detention determination. 18 U.S.C. 3142(f).

Defendant argues that this threshold is met on his showing that (1) the undersigned misconstrued the facts presented prior to the order of detention which defendant wishes reviewed, **ECF No. 21**, and (2) Defendant now has a confirmed bed date for inpatient substance abuse treatment.

ORDER - 1

In response, the United States proffers additional facts through a Spokane Police Department report of a hotel room in which were found distribution quantities of methamphetamine and heroin and a scale and firearm accessory associated to Defendant through "dominion and control" paperwork there, including medical information and court dates in Defendant's name.

Following the first detention hearing the Court understood that in February 2021 state authorities searched an address associated with Defendant following a controlled buy of drugs at that address resulting in Defendant being charged in state court. Sometime afterwards, while released on conditions and awaiting trial on the state charges, Defendant was stopped while driving his vehicle and distribution quantities of Fentanyl and other drugs and a firearm and over $50,000 in cash were in the vehicle. This vehicle stop is the basis of the instant Federal charges.

Taking this evidence to show that there was probable cause that *while awaiting trial* on a state felony drug offense Defendant committed a separate drug and firearm offense, the court concluded that defendant presented a danger to the community and was unlikely to abide by court-ordered conditions.

In arguing the instant motion to reconsider, the parties clarify that the state authorities' search of the address of the controlled buy, and the stop of the vehicle defendant was driving, *were on the same day* in February 2021. That is, while any evidence that Defendant's alleged drug distribution represents a danger to the community remains of the same quality as before, the evidence that Defendant was involved in such activity *while under court-ordered conditions* is significantly diminished.

The circumstances regarding the hotel room are alleged to have occurred in July 2021, after Defendant's June 2021 indictment and mere days before his arrest in this cause. The United States argues that this evidence supports continued detention.

ORDER - 2

The Court finds the Defendant has not met the required threshold, and that Defendant continues to represent a danger to the community which no conditions or combination of conditions will abate.

Therefore, **IT IS ORDERED** Defendant's motion for detention review, **ECF No. 23,** is **DENIED.**  Defendant is remanded to the custody of the U.S. Marshal pending disposition of this case or until further order of the court.

**IT IS SO ORDERED**.

DATED August 24, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 3