# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | | Case No. | 2:21-CR-0072-RMP |
| --- | --- | --- | --- |
| | Plaintiff, | **CRIMINAL MINUTES** | |
| -vs- | | DATE: | DECEMBER 6, 2021 |
| JODY LEE WALLETTE, | | LOCATION: | Spokane |
| | Defendant. | **MOTION HEARING** | |

| | Hon. Rosanna Malouf Peterson | |
| --- | --- | --- |
| Penny Lamb | LC1 | Allison Anderson |
| **Courtroom Deputy** | **Law Clerk** | **Court Reporter** |
| Stephanie Van Marter for Dominique Park and Caitlin A. Baunsgard | | Sandy D. Baggett |
| **Government Counsel** | | **Defense Counsel** |
| **United States Probation Officer:** | Patrick J. Dennis | |

[ X ]  Open Court        [  ]  Chambers        [  ]  Telecon

Defendant present in custody of United States Marshal with appointed counsel.

Before the Court is Defendant's Motion for Release from Custody (ECF No. 59). The Court asked if defense counsel had a chance to review the Government's response to the Motion for Release from Custody. Ms. Baggett indicated she did review it. The Court advised that tomorrow afternoon the parties will receive an extensive order granting the Defendant's Motion to Suppress and that in its brief the Government indicates they will be seeking a superseding indictment.

Based on the Court's statement that the Court will be granting the Motion to Suppress, Ms. Baggett moved to strike those suppressed items from the indictment, Count 1 knowingly and intentionally possessing 40 grams or more of Fentanyl; Count 2 knowingly possessing a firearm, a Taurus semiautomatic pistol, Count 3 the same firearm. After those items have been struck from the Indictment, she is going to move to dismiss because on the face of the Indictment, it does not state an offense. The Court advised that the Court wants written briefing. Ms. Van Marter stated the motion is premature at this time and they would ask that Ms. Baggett file a written motion and then the Government will respond appropriately. The Court advised a written motion is necessary.

Ms. Baggett presented comments in favor of releasing Defendant because the Government has been saying for six months they were going to be indicting Defendant but they have not done it yet and she does not believe they have sufficient evidence. Ms. Van Marter responded to Ms. Baggett's comments and advised the Court that they will be seeking the superseding indictment tomorrow.

The Court asked Ms. Van Marter if she was going to solely rely on Ms. Park's response brief or whether she was going to put on any evidence with respect to the Motion for Release from Custody. Ms. Van Marter indicated it was the Government's intent to submit the jail calls as evidence. The notice of the jail calls was filed at ECF 61. Ms. Van Marter asked that the Court attach them to ECF 64 as they are rebuttal. Ms. Van Marter asked the Court

[ X ]  ORDER FORTHCOMING

| CONVENED: 10:57 A.M. | ADJOURNED: 12:32 P.M. | TIME: 1:35 HR. | CALENDARED    [ N/A ] |
| --- | --- | --- | --- |

*United States –vs- Jody Lee Wallette*                               December 6, 2021
2:21-CR-0072-RMP                                                                    Page 2
Motion Hearing

if the Court would accept testimony from an individual who reviewed the jail calls in summary as to the relevant calls and she would call Special Agent Brad Sevy. The Court allowed the testimony.

**11:18 a.m. Special Agent Bradley James Sevy** sworn in and questioned by Ms. Van Marter. Mr. Sevy's summary notes were discussed with the witness. A copy was provided to Ms. Baggett. Ms. Van Marter asked to mark the summary notes as Plaintiff's Exhibit 1. Ms. Baggett objected to it. The Court allowed marking it for identification purposes only and the exhibit will be identified as "Agent Sevy's Summary of Jail Calls." The Government again asked to admit Plaintiff's Exhibit 1. The Court will consider it as a recorded recollection and will admit it for that limited purpose. Ms. Van Marter offered to isolate the calls that were being discussed and provide the audio as the actual evidence for the Court. The Court will accept those. Ms. Van Marter will supplement that with the dates and times of the relevant portions of the phone calls. They will isolate those calls. Ms. Baggett said she did not receive a copy of the non-scannable exhibit; Ms. Van Marter said it was provided to Ms. Baggett prior to the filing with the Court, but she will get another copy to her, and she will also supplement when the previous surveillance video was provided in discovery.

**12:06 p.m. Cross-Examination by Ms. Baggett.**

**12:14 p.m. Redirect Examination by Ms. Van Marter.**

12:18 p.m. witness excused.

Ms. Van Marter stated she could get the non-scannable exhibit to Ms. Baggett right after the hearing and the supplement to Ms. Baggett by the end of the day.

12:19 p.m. Ms. Baggett presented argument in support of her Motion for Release of Custody. She advised that Defendant's release address would be in Dayton, WA with Ms. Riggs. If he is released and if conditions are imposed, Ms. Baggett advised that Defendant would be willing to do electronic monitoring. The Court asked if Defendant wants to go into in-patient treatment. Ms. Baggett indicated she did not believe he would qualify for in-patient treatment. P.J. Dennis addressed the Court and advised that he can't recall if length of time in custody counts towards sobriety or not, but that Defendant would need to be evaluated. Ms. Van Marter presented her argument in opposition to release and requested that if the Court is considering releasing Defendant, that he be reassessed. Ms. Baggett gave rebuttal argument and stated the Government is just looking for indefinite detention.

The Court will listen to the recordings so the Court cannot make a ruling yet.

The Court asked about the copying of the telephones. Ms. Baggett advised that was part of the suppression hearing and since the Court will be suppressing those, she believes the phones should be turned over to the defense to copy because the Government is now prohibited from looking at them. The Court asked if Ms. Baggett could get an affidavit either by Mr. Michel or somebody else indicating that they can make duplicate copies of the telephones without destroying any information on them. Ms. Baggett indicated she is fine with that as long as the Government does not see the content on the phones. Ms. Baunsgard addressed the Court and suggested that the DEA provide those phones to Mr. Michel or another forensic company to be copied and then return the phones to the custody of the DEA. Ms. Baggett agreed to that. The Court granted the motion to copy the phones.

The Court would like to explore the possibility of in-patient treatment and asked Ms. Baggett to file a supplement regarding whether Defendant would like in-patient treatment. Ms. Baggett indicated she would look into it.